ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| VENZA BRAKEN; DILLON BRAKEN Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS<br><br>Apelantes<br><br>v.<br><br>AUREO E. RIVERA RIVERA; MYRTA N. VÁZQUEZ VÁZQUEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelados | TA2026AP00509 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2025CV00598<br><br>Sobre: Incumplimiento de Contrato; Dolo; Daños y Perjuicios |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 24 de junio de 2026.

Comparece ante nos los señores Venza Bracken y Dillon Bracken (en adelante los Apelantes) mediante un *Recurso de Apelación* instado el 18 de mayo de 2026. En su recurso, nos solicita que revoquemos la Sentencia Sumaria Parcial Enmendada *Nunc Pro Tunc* emitida por el Tribunal de Primera Instancia (en adelante TPI o foro primario) del 15 de abril de 2026, enmendada Nunca Pro Tunc el 1 de mayo de 2026, en la cual declaró "Ha Lugar" la Moción solicitando la Desestimación.

Mediante Resolución del 22 de mayo de 2026 se le concedió término a la parte apelada para presentar su posición, lo que esta hizo y el asunto quedó perfeccionado para ser resuelto.

Por los fundamentos antes expuestos, se confirma dicha Sentencia Sumaria Parcial Enmendada Nunc Pro Tunc emitida por el foro primario. Exponemos el trasfondo factico y procesal que acompaña la presente controversia.

**I.**

El 27 de febrero de 2025, los Apelantes presentaron una Demanda sobre Incumplimiento de Contrato, Dolo, Daños, y Perjuicios en contra de Aureo E. Rivera Rivera, Mirta N. Vázquez Vázquez y la Sociedad Legal de Gananciales compuesta por ambos (en adelante los ¨Apelados¨).[1]  En su escrito adujeron que suscribieron un contrato de arrendamiento con opción a compra titulado *Lease and Option to Buy Agreement.*[2] El inmueble en controversia se encuentra situado en el Municipio de Aguas Buenas. Dicho contrato tenía una duración de doce (12) meses comenzando el 1 de marzo de 2024 hasta el 28 de febrero de 2025.[3] El contrato contenía una cláusula de opción para extender el término de arrendamiento por un (1) año adicional.[4] Como parte de su causa de acción sobre incumplimiento contractual los Apelantes señalan que el inmueble tenía unas deficiencias en torno a "problemas de electricidad que fueron exacerbados por el generador que no funciona; un sistema de filtración de agua que estaba inservible y, cuyo contrato de mantenimiento está vencido; y la presencia de elementos pintados con pintura con base de plomo en la propiedad".[5]  Asimismo, establecieron que los Apelados no corrigieron los problemas y atribuyeron las deficiencias a falta de mantenimiento y/o ausencia de un permiso

---

[1] Véase Ent. Sum. TPI. Núm 1.
[2] *Íd.*
[3] *Íd.*
[4] *Íd.*
[5] *Íd.*, pág. 9.

de uso para resolver el contrato de arrendamientos días antes de vencer la opción de extensión del arrendamiento a los Apelantes.[6]

El 1 de marzo de 2025, fueron diligenciados los emplazamientos correspondientes a ambos Apelados.[7]

Después de varias incidencias procesales, debido a la consolidación de un caso de Desahucio entre las mismas partes, el 8 de mayo de 2025, el Apelado presentó su Contestación a la Demanda y Reconvención.[8] En su alegación responsiva señaló que la propiedad fue inspeccionada por los Apelantes, previo a realizar el contrato de arrendamiento. Asimismo, expusieron que el Sr. Dillon Braken y la Sra. Bracken tienen un plan sistemático de buscar alegadas fallas en inmuebles que compran con el propósito de buscar una reducción en el precio en la compra de la propiedad.[9]  También, señalaron que en el caso de haber presencia de plomo, si es que la hubiera, no tenían que señalarlo, debido a que el uso del inmueble es uno de carácter comercial y de arrendamiento.[10] En torno a las problemas de electricidad explicaron que esto se debe a los problemas que enfrenta toda la isla y que el generador solo cubría utilidades esenciales.[11] Por último, señalaron que al haber un retraso en el  canon de arrendamiento de dos (2) meses según la ley, les facultaba a resolver el contrato de arrendamiento.[12] En lo que respecta, a la Reconvención solicitaron una cuantía no menor de "TRESCIENTOS CINCUENTA MIL DÓLARES ($350,000), suma que incluye el menoscabo patrimonial, el deterioro físico de la propiedad, los

---

[6] *Íd.*
[7] Véase Ent. Sum. TPI. Núm 5.
[8] Véase Ent. Sum. TPI. Núm 50.
[9] *Íd*.
[10] *Íd*.
[11] *Íd.*
[12] *Íd.*

gastos en que se ha incurrido, y el sufrimiento emocional causado". [13]

El 20 de mayo de 2025, los Apelados presentaron una Reconvención Enmendada.[14] En la cual añadieron como parte de su reclamación unas partidas por daños morales y hostigamiento emocional por la cantidad de $200,000.00.

El 10 de junio de 2025, los Apelantes presentaron su escrito titulado Contestación a Reconvención Enmendada y Defensas Afirmativas.[15] En su escrito negaron la mayoría de las alegaciones presentadas en la Reconvención.[16]

El 3 de febrero de 2026, los Apelados presentaron una Solicitud de Sentencia Sumaria Parcial en torno a que no se ejerció la opción de compraventa según establecido en el contrato.[17] A su vez, el 13 de abril de 2026, los Apelantes presentaron su escrito titulado *OPPOSITION TO REQUEST FOR PARTIAL SUMMARY JUDGMENT*.[18]

El 16 de abril de 2026, el TPI emitió una Sentencia Sumaria Parcial en la cual dispuso que la Parte Apelante no ejerció oportunamente su derecho a opción de compra de la propiedad conforme a contrato. [19] Según el foro primario esto fue afirmado mediante el testimonio en la vista de Desahucio por la Sra. Venza Brecken.[20]

El 1 de mayo de 2026, el Apelante presentó un escrito titulado *MOTION TO COMPLY WITH A COURT ORDER; OBJECTION TO A REQUEST FOR WITHDRAWL OF FUNDS; REQUEST FOR A*

---

[13] *Íd.,* pág. 21.
[14] Véase Ent. Sum. TPI. Núm 58.
[15] Véase Ent. Sum. TPI. Núm 72.
[16] *Íd*.
[17] Véase Ent. Sum. TPI. Núm. 133.
[18] Véase Ent. Sum. TPI. Núm. 185.
[19] Véase Ent. Sum. TPI. Núm. 191.
[20] *Íd*.

*COPY OF ANY DRAFT SUMMARY JUDGMENT SUBMITTED BY THE DEFENDANT*. En su escrito indicó que la Sentencia Sumaria Parcial no cumplió con la Regla 36.4 de Procedimiento Civil, la cual dispone que:

> *If, pursuant to a motion filed under the provisions of this rule, a judgment is not entered on the entire action, the relief sought is not granted in full, or the motion is denied, and a trial is necessary the court shall be required to rule on the motion by determining the essential and relevant facts on which there is no substantial dispute and the essential and relevant facts that are genuinely and in good faith disputed*, and to what extent the amount of damages or other relief is not in dispute, ordering such further proceedings as are fair in the case, including an evidentiary hearing of the trial, the facts so specified shall be deemed proven, and the court shall proceed accordingly. Based on the findings made pursuant to this rule, the court shall grant the appropriate remedies, if any".

El 1 de mayo de 2026, el TPI mediante una Orden expuso que "[l]a Sentencia Sumaria Parcial aludida no fue producto de un proyecto de sentencia. Es de completa autoría de esta Juez y asumimos total responsabilidad por la omisión de determinaciones de hechos en la misma, la cual estaremos subsanando mediante Sentencia Sumaria Parcial Enmendada Nunc Pro Tunc a emitirse por separado". [21]

En la fecha antes mencionada, el foro primario emitió una Sentencia Sumaria Parcial Enmendada *Nunc Pro Tunc*.[22] Como parte de esta Sentencia Enmendada realizó las siguientes determinaciones de hechos:

1. La presente Demanda por "Incumplimiento de Contrato, Dolo, Daños y Perjuicios" se originó de una relación contractual entre las partes de arrendamiento con opción a compra donde la demandante Venza Bracken y el demandado Aureo Rivera figuran como arrendataria y arrendador, respectivamente.
2. La propiedad objeto del contrato de arrendamiento con opción a compra es una finca de aproximadamente dos cuerdas de terreno en el Barrio

---

[21] Véase Ent. Sum. TPI. Núm. 202.
[22] Véase Ent. Sum. TPI. Núm. 204.

Sonadora de Aguas Buenas, con varias estructuras (la propiedad).

3. El contrato, con fecha del 16 de febrero de 2024, fue redactado en el idioma inglés y denominado "*Lease and Option to Buy Agreement*".

4. Desde etapa temprana en el arrendamiento surgieron desavenencias entre las partes sobre diversos temas: responsabilidad sobre el mantenimiento de la propiedad, alegadas deficiencias estructurales inestabilidad del sistema eléctrico, goteas de techo, pago de los cánones de arrendamiento y, crucial para la resolución de la presente sentencia parcial, **si la arrendataria en efecto ejerció su derecho a opción a compra de la propiedad conforme contrato** (la controversia).

5. En sus incisos pertinentes, el Contrato lee como sigue:

"SECOND …. **The demised premises are to be used for the operation of tourism - related activities for which Landlord hereby expressly consent and authorized the Tenant to carry out short- term rentals, including, but not limited to Bed and Breakfast and Guest Houses services** …

ARTICLE ONE: TERM – The term of this Lease with an option to purchase shall be twelve months commencing on March 1, 2024, **and ending on February 28, 2025. As a condition for entering the Lease, Tenant shall pay the Landlord a $20,000.00 non-refundable option fee at signing. Landlord hereby grants Tenant an option for a 12- month extension of the Lease term. Shall Tenant exercise said option, the same shall commence on March 1, 2025, and end on February 28, 2026. As a condition for exercising the extension option Tenant shall pay the landlord another $20,000.00 as a non – refundable option fee. Tenant shall give Landlord notice of its intention to exercise any extension option and pay any applicable option fee at least one month in advance of the commencement of any extension, or the option will expire automatically, and therefore be considered null and void.**

…

ARTICLE SEVENTEEN: VACATION AT EXPIRATION OF LEASE: **Tenant obligates himself to vacate the demised premises upon the expiration of this Lease**.

…

6. En la Vista en su Fondo del caso civil núm. AB2025CV00039, la Sra. Venza Bracken **admitió bajo juramento ante esta Juez que nunca ejerció el derecho de opción a compra** que le confería el Contrato.

**7. La demandante no ha producido evidencia alguna de que antes del 30 de enero de 2025 haya notificado al demando su intención de**

**adquirir la Propiedad por el precio convenido de $825,000.00 y acompañado dicha notificación del pago de $20,000.00 adicionales requeridos para ejercerla.**

8. Los demandantes consignaron $20,000.00 en el Tribunal en el mes de abril de 2025, sin especificar el destino que le darían a dicha consignación.

9. Los demandantes continúan en posesión de la Propiedad, a pesar de su obligación de devolver la posesión de esta ante la conclusión del Contrato.

Inconforme con esta determinación, el 18 de mayo de 2026, el Apelante presentó un Recurso de Apelación ante esta curia en el cual realizo los siguientes señalamientos de error:

> *FIRST GROUND FOR APPEAL: The trial court erred in issuing a partial summary judgment despite a substantial dispute regarding material facts concerning the alleged expiration of the purchase option.*
> *SECOND GROUND FOR APPEAL: The trial court erred in failing to consider the appellants' finding of material facts related to the appellees' breaches of contract, which prevented the appellees from declaring the option agreement expired.*
> *THIRD GROUND OF ERROR: The trial court erred in issuing a partial summary judgment without completing full discovery.*
> *FOURTH GROUND OF ERROR: The trial court erred in using rule 49.1 of civil procedure to amend the originally issued partial summary judgment by introducing factual determinations not included in the original partial summary judgment, amendments that are not formal.*
> *FIFTH GROUND OF ERROR: The trial court is improperly biased against appellants, incurring in conduct equal to a due process violation of plaintiffs right to a fair trial*.

Veamos el derecho aplicable.

## II.

### A. Sentencia Sumaria

Como sabemos, la sentencia sumaria es un mecanismo procesal provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, cuyo fin es proveer una solución justa, rápida y económica de los litigios. *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981, 992 (2023); *González Santiago v. Baxter Healthcare*, 202 DPR 281, 290 (2019); *Meléndez González et al.*

*v. M. Cuebas*, 193 DPR 100, 109 (2015). A tenor, dicho mecanismo procesal permite que un tribunal, disponga parcial o totalmente de litigios civiles en aquellos casos en los que no exista alguna controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020).

La sentencia sumaria procede cuando "no existen controversias reales y sustanciales en cuanto a los hechos materiales, por lo que lo único que queda por parte del poder judicial es aplicar el Derecho". *Meléndez González et al. v. M. Cuebas*, *supra*, citando a *Oriental Bank v. Perapi et al.*, 192 DPR 7, 25 (2014); *SLG Zapata-Rivera v. JF Montalvo*, 189 DPR 414, 430 (2013); *Nieves Díaz v. González Massas*, 178 DPR 820, 847 (2010).

Al interpretar la precitada Regla el Tribunal Supremo ha expresado que debe dictarse sentencia sumariamente cuando el tribunal sentenciador tiene ante sí, de manera incontrovertible, la verdad sobre todos los hechos esenciales. *ELA v. Cole*, 164 DPR 608, 625 (2005). De manera que, "una controversia de hecho es suficiente para derrotar una moción de sentencia sumaria […] cuando causa en el tribunal una duda real y sustancial sobre algún hecho relevante y pertinente". *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 756 (2012). Se entiende que un hecho material es aquél que puede afectar el resultado de la reclamación acorde al derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010). Por lo que, no se deberá dictar sentencia sumaria cuando: 1) existen hechos materiales controvertidos; 2) hay alegaciones afirmativas en la demanda que no han sido refutadas; 3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o 4) como cuestión

de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al., supra*, pág. 757; *SLG Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 167 (2011).

Al atender la moción de sentencia sumaria, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *ELA v. Cole*, *supra*, pág. 626. No obstante, "la omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática". *Mun. de Añasco v. ASES*, 188 DPR 307, 327 (2013), citando a *Córdova Dexter v. Sucn. Ferraiuoli*, 182 DPR 541, 556 (2011). A su vez, corresponde al juzgador actuar guiado por la prudencia y ser consciente de que su determinación podría implicar que se prive a una de las partes de su "día en corte", elemento esencial del debido proceso de ley. *León Torres v. Rivera Lebrón, supra,* pág. 44.

Cónsono con lo anterior, nuestro más Alto Foro ha resuelto que, existen litigios y controversias que "por su naturaleza no resulta aconsejable resolverlos mediante una sentencia dictada sumariamente; ello, en vista de que en tales casos un tribunal difícilmente podrá reunir ante sí toda la verdad de los hechos a través de affidávits, deposiciones o declaraciones juradas". *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001), citando a *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 311 (1994); *García López v. Méndez García*, 88 DPR 363, 379 (1963). Dicho foro ha identificado como posibles controversias de este tipo aquellas que incluyen "elementos subjetivos, es decir, aquellas en las que el factor credibilidad juegue un papel esencial o decisivo para llegar a la verdad, y donde un litigante dependa 'en gran parte de lo que extraiga del contrario en el curso de un juicio vivo'". *Id.*, citando

a *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 577 (1997).

En lo pertinente, la Regla 36 de Procedimiento Civil, *supra*, impone unos requisitos de forma con los cuales hay que cumplir al momento de promover una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, 212 DPR 671, 679 (2023). Si la parte promovente incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 111.

Asimismo, la parte que se opone a una sentencia sumaria tiene que cumplir con los requisitos de la precitada Regla 36, *supra*. *Oriental Bank v. Caballero García*, *supra*, pág. 680. En otras palabras, la parte que desafía dicha solicitud no podrá descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra*, pág. 43. Así pues, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe "puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales

adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra". *Id.*, pág. 44. Entiéndase que, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa". *Id*. De lo contrario, corre el riesgo de que se dicte sentencia en su contra. *Oriental Bank v. Caballero García*, *supra*.

Al evaluar una moción de sentencia sumaria, el Tribunal de Apelaciones está en la misma posición del Tribunal de Primera Instancia. *Serrano Picón v. Multinational Life Ins.*, *supra*, pág. 993; *Meléndez González et al. v. M. Cuebas*, *supra*, págs. 115, 118. Tómese en cuenta que, nuestra revisión es una *de novo* y debemos basar nuestro análisis por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, así como de su jurisprudencia interpretativa. A tenor, nuestro más Alto Foro ha esbozado los criterios que deben guiar esta revisión. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, *supra*, págs. 118-119. Así pues, el Tribunal de Apelaciones debe:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, *supra*, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos y;

4) de encontrar que los hechos materiales realmente están incontrovertidos, debe revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al., supra*, pág. 679.

Ahora bien, estamos limitados en cuanto a: (1) que no podemos tomar en consideración evidencia que las partes no presentaron ante el foro primario, y (2) tampoco adjudicar los hechos materiales en controversia, ya que ello le compete al tribunal de instancia luego de celebrado un juicio en su fondo. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 118. Al realizar nuestra revisión *de novo* debemos "examinar el expediente de la manera más favorable hacia la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor". *Id*.

### B. Contrato de arrendamiento y opción de compra

El contrato de arrendamiento es aquel mediante el cual una parte se obliga a ceder temporalmente a otra el uso y disfrute de un bien a cambio de un precio cierto. Art. 1331 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10101. Su duración puede ser determinada o indeterminada. Arts. 1332 del Código Civil de Puerto Rico de 2020, 31 LPRA secs. 10102.

Mediante este contrato, el arrendador transmite temporalmente al arrendatario el goce y uso de un bien de su propiedad a cambio del pago de un canon. *Garage Coop. v. Arco Caribbean, Inc.*, 111 DPR 52, 54 (1981). Asimismo, un contrato de arrendamiento debidamente inscrito en el Registro de la Propiedad constituye un derecho real oponible frente a terceros. *Id.*

Por otro lado, el Artículo 1335 del Código Civil de Puerto Rico de 2020 regula la continuación del arrendamiento concluido o tácita reconducción. Conforme a dicho precepto, una vez vencido el término pactado, el arrendamiento puede continuar en los mismos términos contratados hasta que alguna de las partes

manifieste su intención de darlo por terminado. Art. 1335 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10105.

Nuestro Tribunal Supremo ha resuelto que la tácita reconducción no constituye una prórroga del contrato original, sino el nacimiento de un contrato nuevo que surge de la voluntad presunta de las partes. *Vicar Builders v. ELA et al.*, 192 DPR 256, 261 (2015). Para que opere esta figura, "[d]ebe ser claro el ánimo de reconducir del arrendatario, el cual queda demostrado al quedarse disfrutando de la cosa arrendada luego de que vence el contrato. De igual forma, se entiende que el arrendador consintió tácitamente a la reconducción si no hace requerimiento o manifestación alguna para que el arrendatario cese en el disfrute de la cosa." *Id.,* pág. 262.

De otra parte, el Artículo 1029 del Código Civil de 2020, 31 LPRA sec. 8821, define la opción de compra como el derecho que faculta a su titular a decidir, dentro de un plazo determinado, si perfecciona un contrato de compraventa previamente acordado en todos sus aspectos fundamentales y secundarios y a cuyo cumplimiento se mantiene comprometido el concedente durante el plazo prefijado.

Jurisprudencialmente, el contrato de opción ha sido definido como un "convenio por el cual una parte (llamada concedente, promitente u optatario) concede a la otra (llamada optante), por tiempo fijo y en determinadas condiciones, la facultad, que se deja exclusivamente a su arbitrio, de decidir respecto a la celebración de un contrato principal". *PDCM Assoc. v. Najul Bez*, 174 DPR 716, 724 (2008), citando a *Mayagüez Hilton Corp. v. Betancourt*, 156 DPR 234, 246 (2002).

Del contrato de opción nace el derecho del optante de decidir, dentro del término pactado, si perfecciona el negocio

jurídico objeto de la opción. *PDCM Assoc. v. Najul Bez*, *supra*. A su vez, el concedente tiene la obligación de no realizar actos que frustren el ejercicio oportuno de ese derecho. *Mayagüez Hilton Corp. v. Betancourt*, *supra*, pág. 250.

En el Artículo 1030 del Código Civil de 2020, 31 LPRA sec. 8822, establece que el título de constitución, además de las estipulaciones y del domicilio a efectos de las notificaciones preceptivas y demás pactos que el constituyente o los constituyentes tengan por conveniente, debe contener, como mínimo, los siguientes requisitos:

> (a) el plazo de duración del derecho y, si procede, el plazo para su ejercicio;

> (b) en su caso, la voluntad del constituyente o de los constituyentes de configurar el derecho con carácter real;

> (c) el precio o contraprestación para la adquisición del bien o los criterios para su fijación, cuando se trate de un derecho de opción a una adquisición onerosa, indicando el precio estipulado para su adquisición. Cuando se prevean cláusulas de estabilización, deben contener criterios objetivos y el precio debe poder fijarse con una simple operación aritmética; y

> (d) la prima pactada para su constitución, cuando el derecho se constituye a título oneroso, indicando el precio convenido.

Finalmente, el Código Civil dispone que la opción de compra puede ser inscrita en el Registro de la Propiedad cuando cumple con los requisitos establecidos por ley y consta en escritura pública. *Id*. Asimismo, la opción de compra contenida en un contrato de arrendamiento es inscribible, única y exclusivamente, por la duración del arrendamiento sin incluir la prórroga. Art. 1031 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 8823.

## III.

No se cometieron los errores que reclama la parte apelante. Los hechos determinados por el TPI en su Sentencia Parcial

reflejan claramente que no hay controversia de hechos para el aspecto de interpretar si se cumplió o no con el contrato entre las partes. Coincidimos con el TPI y aclaramos que lo único resuelto en la Sentencia Sumaria Parcial Enmendada Nunc Pro Tunc, contra la que aquí se presenta esta Apelación, conforme el mismo texto de la Sentencia apelada, es:

¨Por todo lo cual, este Tribunal dicta Sentencia Parcial únicamente en cuanto a la controversia de si la demandante (aquí apelante) Venza Bracken ejerció conforme Contrato habido con Áureo Rivera su opción a compra de la propiedad determinando que dicha opción a compra no fue ejercida conforme contrato. A consecuencia, el contrato expiró, conforme sus propios términos el 28 de febrero de 2025 y la demandante, conforme el Artículo 17 del contrato, tenía la obligación de desocupar la Propiedad a dicha finca.¨

El resto de las controversias en el caso, el TPI se propone resolverlas luego del desfile de prueba en un juicio plenario que se celebrará luego de que el TPI decrete que se acabó el descubrimiento de prueba, que tiene que ser antes del 1 de septiembre de 2026 en que está señalada la Conferencia con Antelación a Juicio.

La parte apelante no presentó evidencia de haber notificado a la parte apelada de su intensión de ejercer la opción de compraventa, previo a vencido el término del contrato y del pago de $20,000 de opción. Toda vez, que estos requisitos eran necesarios para que se determinara que el apelante cumplió en ejercer su derecho de opción conforme al contrato de arrendamiento y opción a compra. Es por ello que el TPI no erró al dictar sentencia parcial, por no existir hechos en controversia.

En consecuencia, concluimos que el foro acertó al determinar que no subsistían controversias reales y sustanciales de hechos materiales conforme esta determinación y por lo tanto procedía la adjudicación sumaria de esa controversia estrictamente de derecho sobre si se cumplieron o no las condiciones en el contrato de opción y una vez establecido que la parte aquí apelante (demandante en TPI) no cumplió su parte del contrato de opción, se dicta correctamente la Sentencia Sumaria Parcial Enmendada Nunc Pro Tunc, por lo que procede confirmar la misma.

## IV.

Por los fundamentos antes expuestos, se confirma la Sentencia Parcial emitida por el Tribunal de Primera Instancia y se continuarán el resto de los procedimientos según pautados.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones